## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PETER C. ANDRESEN**, | * | |
| | * | |
| Appellant, | * | |
| | * | Civil No. PJM 07-446 |
| v. | * | |
| | * | |
| **GARY A. ROSEN,** *et. al.*, | * | |
| | * | |
| Appellee. | * | |

## MEMORANDUM OPINION

### I.

On January 26, 2007, Appellant-Debtor Peter Andresen filed a timely[1] Notice of Appeal from the following Orders entered by Bankruptcy Judge Catliota in Bankruptcy Case No. 01-25370-TJC:

    1.     December 21, 2006, Order Granting Motion for Federal Bankruptcy Rule 2004 Examination (Alex Cooper Auctioneers Inc.);

---

[1]

    Under Bankruptcy Rule 8002(a) a petitioner has ten days from the date of a Bankruptcy Court's order to file a notice of appeal. However, if the petitioner files a motion to alter or amend the order appealed from, then under Rule 8002(b) "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Bankr. Rule 8002(b). In other words, the ten day clock begins to run from the time the Bankruptcy Court rules on the motion to alter or amend and not from the date of the original order. Andresen objected to the Bankruptcy Court's December 21, 2006, and January 3, 2006, Orders granting Rule 2004 examinations by filing two motions that the Bankruptcy Court construed as motions to alter or amend judgment. *See In re Andresen*, No. 01-25370-TJC (D. Md. Jan. 16, 2007). The Bankruptcy Court denied those Motions on January 16, 2007. Under Bankruptcy Rule 8002(b), Andresen had ten days from January 16, 2007, to note his appeal, which he did in timely fashion on January 26, 2007.

2.      January 3, 2006, Order Granting Motion for Federal Bankruptcy Rule 2004

Examination (SunTrust Bank); and

3.      January 16, 2007, Order Denying Debtor's Objections to Orders Granting

Rule 2004 Exams.

While Andresen timely noted his appeal, he has failed to timely file his appellate

brief.  Bankruptcy Rule 8009 provides, "The appellant shall serve and file a brief within 15 days

after entry of the appeal on the docket . . . ."  Andresen's appeal entered the Court's docket on

February 23, 2007.  That same day, the Clerk informed him of the requirement to file a brief within

fifteen days, i.e. by March 12, 2007.[2]  On March 9, 2007, Andresen requested an additional 45 days

in which to file his brief.  On March 16, the Court denied his request, directing him to show-cause

within fourteen days why his appeal should not be dismissed.  He has not responded to the Show-

Cause Order.

While the Court recognizes that dismissal for failure to file a brief is a "harsh

sanction" that should not be "imposed lightly," *In re Serra Builders, Inc.*, 970 F.2d 1311 (4th Cir.

1992), the Court finds it appropriate in this case.  *Broadnax v. Santoro* (*In re Broadnax*) sets out the

relevant considerations:

> The district court . . . has the discretion to dismiss an appeal if the appellant fails to
> comply with the procedural requirements of the bankruptcy rules, including failing
> to meet the time limits for filing an appeal brief. To determine whether to dismiss a
> bankruptcy appeal for failure to timely file a brief, the district court must exercise its
> discretion under Bankruptcy Rule 8001(a). *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir.
> 1995). In applying Rule 8001(a), the district court must take one of the four steps
> outlined in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992). Specifically, the
> court must: "(1) make a finding of bad faith or negligence; (2) give the appellant
> notice and an opportunity to explain the delay; (3) consider whether the delay had
> any possible prejudicial effect on the other parties; or (4) indicate that it considered

---

[2]

Since the fifteen day deadline fell on a Saturday, March 10, 2007, the following Monday,
March 12, 2007, became the effective deadline.

the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. SPR Corp., 45 F.3d at 74.

122 F.App'x 81, 82 (4th Cir. 2005).

In his Motion to Extend the deadline for filing his appellate brief, Andresen explained that his poor eyesight precluded timely submission. However, the Court has previously concluded that Andresen's failures to comply with Bankruptcy Rules have been "dilatory to an excess" (*Andresen v. Rosen*, No. 05-3164-PJM (D. Md. Sept. 26, 2006) (opinion dismissing bankruptcy appeal)) and that "[h]is tortured attempts to stave off unfavorable rulings by the Bankruptcy Court have followed a pattern better explained by his bad faith dealings in this case than by his purported failing health" (*Andresen v. Rosen*, Nos. 06-3043, 06-3045, 06-3048, 06-3050 (D. Md. Jan. 19, 2007) (opinion dismissing bankruptcy appeals). Andresen's actions in the present appeal merely reinforce the Court's opinion of his motives. Despite the Court's previous decision to dismiss one of his many appeals for failure to timely file his brief and despite ample notice from the Clerk of the Court of the brief filing deadline in the present case, Andresen has nevertheless failed to timely file. Once again, the Court takes this failure to be indicative of a desire to delay the proceedings before the Bankruptcy Court.

Accordingly, the Court *sua sponte* DISMISSES Andresen's appeal.

A separate Order will Issue.

_____/s/_____

PETER J. MESSITTE

April 30, 2007                          UNITED STATES DISTRICT JUDGE